**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-01682-WJM-KLM

DONALD J. DODSON,

    Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS, County of Archuleta, State of Colorado, and RICK BELLIS, in his official capacity,

    Defendants.

---

**ORDER OVERRULING PLAINTIFF'S OBJECTION AND AFFIRMING
THE RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the June 4, 2012 Recommendation by U.S. Magistrate Judge Kristen L. Mix (the "Recommendation") (ECF No. 34) that Defendants' Motion for Summary Judgment be granted. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

## I. BACKGROUND

The facts relevant to a resolution of Defendants' Motion for Summary Judgment are detailed in the Recommendation. Briefly, Plaintiff alleges that his employment with Defendant Board of County Commissioners, County of Archuleta, State of Colorado ("BOCC") was terminated due to age discrimination and in retaliation for reporting certain alleged improprieties. (Am. Compl. (ECF No. 4) at 6-9.)

Plaintiff's Amended Complaint was filed on July 15, 2011. (*Id.*) Plaintiff brings three claims: (1) violation of the Age Discrimination in Employment Act ("ADEA") for age

discrimination and retaliation against his former supervisor Defendant Rick Bellis ("Bellis") and Defendant BOCC; (2) a state law claim for violation of the procedures outlined in the Archuleta County Personnel Policy Manual (the "Manual") against both Defendants; and (3) deprivations of his First Amendment right to free speech and Fourteenth Amendment liberty interest pursuant to 28 U.S.C. § 1983 against Defendant Bellis only. (*Id.*)

On October 19, 2011, Defendants filed their Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 asking the Court to grant summary judgment in their favor on all claims. (ECF No. 18.) On November 29, 2011, Plaintiff filed his Response to Defendants' Motion (ECF No. 27), and Defendants filed their Reply to Plaintiff's Response on December 27, 2011 (ECF No. 31).

On June 4, 2012, the Magistrate Judge issued her Recommendation that Defendants' Motion for Summary Judgment be granted, and that judgment be granted in favor of Defendants on all claims. (ECF No. 34.) On June 20, 2012, Plaintiff filed a timely Objection to the Recommendation. (ECF No. 35.)

For the reasons stated below, Plaintiff's Objection to the June 4, 2012 Recommendation is overruled, the Magistrate Judge's Recommendation is adopted in its entirety, and Defendants' Motion for Summary Judgment is granted.

## II.  LEGAL STANDARDS

When a Magistrate Judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the District Court Judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, "[t]he district

court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or, conversely, is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248-49 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000); *Carey v. U.S. Postal Serv.*, 812 F.2d 621, 623 (10th Cir. 1987).

A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable juror could return a verdict for either party. *Anderson*, 477 U.S. at 248. The Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *Quaker State Mini-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995); *Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. Where the non-movant bears the burden of proof at trial, the non-movant must then point to specific evidence establishing a genuine issue of material fact with regard to each challenged element. *See Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002); *In re Ribozyme Pharms.,*

*Inc. Sec. Litig.*, 209 F. Supp. 2d 1106, 1111 (D. Colo. 2002).

Further, in considering the Magistrate Judge's Recommendation in the instant case, the Court is also mindful of Plaintiff's *pro se* status, and accordingly, reads his pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in Plaintiff's use of legal terminology and proper English. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve Plaintiff of the duty to comply with various rules and procedures governing litigants and counsel, or the requirements of the substantive law and, in these regards, the Court will treat Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

### III.  ANALYSIS

The Magistrate Judge recommends in her June 4, 2012 Recommendation that Defendants' Motion for Summary Judgment be granted and that judgment be granted in favor of Defendants on all claims. (ECF No. 34 at 28.)  Plaintiff objects to these findings without making a specific objection as to any particular portion of the Recommendation. He argues only that he needs discovery to prove his claims. (ECF No. 35.)  The Court only reviews *de novo* portions of the Recommendation as to which a specific objection was made.  Otherwise, the Court reviews the Recommendation for clear error.  Fed. R. Civ. P. 72(b)(3).  Given the limited nature and scope of Plaintiff's Objection, the Court will in this case review the Recommendation for clear error.

The Court has reviewed the rulings of the June 4, 2012 Recommendation and finds no clear error in the Magistrate Judge's determinations.  *See* Fed. R. Civ. P. 72(b) advisory committee's note; *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings".).  Accordingly, the Magistrate Judge's Recommendation is adopted with respect to all claims.

Plaintiff also states in his Objection that "[a]t a Discovery Procedure my evidence will be presented.  Discovery is essential to flush out evidence and facts of the case." (ECF No. 35.)

Federal Rule of Civil Procedure 56(d) governs requests for additional time to take discovery.  Fed. R. Civ. P. 56(d) provides as follows:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

*Id*.

Plaintiff has not presented an affidavit nor has he specified why he cannot present facts in opposition to Defendants' Motion for Summary Judgment.  Plaintiff does not address the information he needs or why that information is necessary to respond to the Defendants' Motion.  "[Rule 56(d)] may not be invoked by the mere assertion that discovery is incomplete or that specific facts necessary to oppose summary judgment are

unavailable; the opposing party must demonstrate how additional time will enable him to rebut movant's allegations of no genuine issue of fact." *Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 833 (10th Cir. 1986). Further, while the Court may read Plaintiff's filings liberally, Plaintiff's *pro se* status, in the present case, does not relieve him of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law. *See McNeil*, 508 U.S. at 113; *Ogden*, 32 F.3d at 455. Therefore, Plaintiff has failed to justify an order denying or deferring consideration of Defendants' Motion.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's objection to the Magistrate Judge's June 3, 2012 Recommendation (ECF No. 34) is OVERRULED and the Recommendation is ADOPTED in its entirety;

2. Defendants' Motion for Summary Judgment (ECF No. 18) is GRANTED;

3. The Clerk of the Court is DIRECTED to enter judgment in favor of Defendants on all claims; and

4. Each party shall bear their own costs.

Dated this 13th day of July, 2012.

BY THE COURT:

William J. Martínez
United States District Judge